IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| GREGORY STEVEN HORN | * |
| Petitioner | * |
| v. | * CRIMINAL NO. JKB-12-0138 |
| UNITED STATES OF AMERICA | * |
| Respondent | * |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE pursuant to 28 U.S.C. § 2255 (ECF No. 114). The Court has carefully reviewed the Motion and the segments of the underlying record which are relevant to its determination. The Court has also carefully reviewed the GOVERNMENT'S OPPOSITION (ECF No. 117). No hearing is required to decide this Motion.

The Defendant's first contention is that the Government breached his plea agreement. This is utterly without merit. The Government was constrained from seeking an upward departure, and they did not do so. However, they did ask the Court to impose a sentence that was above the applicable Sentencing Guidelines range, consistent with the Court's authority to "vary" upward. The Court did exactly that: it imposed a variant sentence that was substantially above the top of the applicable Sentencing Guidelines range. The Court did not impose as substantial a sentence as the Government sought, but unquestionably varied upward (for good reason, in that it found the Defendant to be both dangerous and undeterred). Careful review of

the plea agreement reveals no terms or restrictions that blocked the Government from seeking an upward variance.

The Defendant also alleges that his lawyers were constitutionally ineffective. Careful review of the record reveals that the Defendant's lawyers performed in an exemplary fashion leaving no relevant factual or legal points unaddressed. They fought hard for their client and, where they failed, it was because either the law and facts did not sufficiently support their arguments, or the Court in its discretion was not persuaded. Their work substantially exceeded the minimum standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).

Accordingly, the Defendant's MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE pursuant to 28 U.S.C. § 2255 is DENIED.

A certificate of appealability may issue only if the defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy §2253(c), a defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (citing *Slack*, 529 U.S. at 484). Defendant has failed to meet the standard for a certificate of appealability. Therefore, it is DENIED.

DATED this 11th day of January, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge